UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES B.,[1]

                                          Plaintiff,         Case # 23-CV-873-FPG

v.                                                            DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                          Defendant.
_____

## INTRODUCTION

Plaintiff James B. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3). Plaintiff moved for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c) and requested that the case be remanded "for calculation of benefits." ECF No. 8-1 at 30. The Commissioner agrees that remand is warranted under the circumstances, but rejects Plaintiff's request for remand solely for calculation of benefits. ECF No. 14. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner solely for the calculation and payment of benefits.

## DISCUSSION

In his motion, Plaintiff argues that the presiding Administrative Law Judge ("ALJ") erred by, among other things, failing to properly assess the opinion evidence in the record. *See* ECF No.

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

1

8-1 at 23-29.  The Commissioner agrees that these errors warrant remand, ECF No. 14-1 at 3, but the parties dispute whether such remand should be for further proceedings (as the Commissioner requests) or for the calculation of benefits (as Plaintiff requests).  Plaintiff asserts that a remand solely for the calculation of benefits is appropriate since the Commissioner also failed to meet his burden at Step Five.  ECF No. 15.  The Court agrees with Plaintiff.

Plaintiff originally filed his applications in September 2008.  Tr. 21.[2]  An ALJ issued a decision in July 2011, finding that Plaintiff could perform the full range of sedentary work, could perform past relevant work as a CNC Machine Operator and Production Assembler, and therefore was not disabled.  *See* Tr. 29-36.  On appeal to the district court, the Commissioner stipulated to a remand for further proceedings.  Tr. 529.

In September 2015, an ALJ issued a decision finding that Plaintiff could perform a reduced range of sedentary work, could not perform any past relevant work, but could perform the requirements of jobs like "addresser" and "ticket checker."  Tr. 447-54.  Therefore, the ALJ found that Plaintiff was not disabled.  Tr. 454.  On appeal to the district court, the Commissioner again stipulated to a remand for further proceedings.  Tr. 856.

In October 2018, an ALJ determined that Plaintiff could perform a reduced range of sedentary work, could not perform any past relevant work, but could perform the requirements of jobs like "order clerk" and "optical assembler."  Tr. 699-705.  As a result, the ALJ found that Plaintiff is not disabled.  Tr. 705.  On appeal to the district court for the third time, the Commissioner again stipulated to a remand for further proceedings.  Tr. 1232-33.

In February 2021, an ALJ determined that Plaintiff could perform a reduced range of sedentary work, could not perform past relevant work, but could perform representative

---

[2] "Tr." refers to the administrative record in this matter. ECF Nos. 3, 4.

2

occupations like "document preparer" and "addressing clerk." Tr. 1165-75.  Plaintiff was found not disabled.  Tr. 1175.  For a fourth time, the Commissioner stipulated to a remand for further proceedings before the district court.  Tr. 1643-44.

Finally, in May 2023, the operative hearing decision was issued.  *See* Tr. 1573-90.  Because Plaintiff began working in mid-2016, he is now seeking only a closed period of disability from February 2007 to May 2016.  Tr. 1575, 1586. It was determined that Plaintiff could perform a reduced range of sedentary work, could not perform any past relevant work, and could perform the representative occupations of "addresser," "call out operator," and "document preparer." Tr. 1580-89.  The ALJ found that Plaintiff was not disabled.  Tr. 1590.  Now, on appeal, the Commissioner *yet again* agrees that remand is warranted, albeit for further proceedings rather than for the calculation of benefits.  *See* ECF No. 14.

The Court concludes that this is one of the rare cases in which remand solely for the calculation of benefits is warranted.  It is appropriate for a court to "remand for calculation of benefits" where "the record here provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose." *Demars v. Comm'r of Soc. Sec.*, 841 F. App'x 258, 263 (2d Cir. 2021) (summary order).

In this case, Plaintiff has established persuasive proof of disability.  There appears to be no dispute that Plaintiff has significant physical impairments and can, at best, perform a reduced range of sedentary work.  The ALJs in this case have consistently limited Plaintiff to some degree of sedentary work.  And though the Commissioner concedes that the most recent ALJ erred in his evaluation of the opinion evidence, he does not contend that the RFC is *too* restrictive.  In short, the record evidence and prior administrative findings establish that Plaintiff's functional capacity was significantly limited during the period under consideration.

Furthermore, there can be no reasonable dispute that the Commissioner failed to carry his burden at Step Five of the sequential analysis. *See Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018) (summary order) (explaining the five-step inquiry and noting that "the Commissioner bears the burden at step five"). At Step Five, the Commissioner must establish that the claimant "can perform work that exists in significant numbers in the national economy." *Crespo v. O'Malley*, No. 22-CV-954, 2024 WL 1255431, at *7 (S.D.N.Y. Mar. 25, 2024). "Under the prevailing law of courts within the Second Circuit, a 'significant number' of jobs is fairly minimal. [N]umbers between 9,000 and 10,000 jobs have typically been found to be sufficiently significant to meet the Commissioner's burden." *Sean Michael S. v. Comm'r of Soc. Sec.*, No. 20-CV-942, 2021 WL 5918922, at *11 (N.D.N.Y. Dec. 15, 2021) (internal quotation marks and citations omitted).

Here, the Commissioner was unable to carry this minimal burden. The ALJ determined that, in light of his restrictive RFC, Plaintiff could perform representative occupations of "addresser" (2,092 jobs nationwide), "call out operator" (2,708 jobs nationwide), and "document preparer" (17,083 jobs nationwide). Tr. 1589. As Plaintiff points out, however, the occupations of "addresser" and "document preparer" are manifestly obsolete. ECF No. 8-1 at 18-23. The former "refers to literally addressing items for mailing by hand or typewriter," while the latter "refers to preparing documents for microfilm." *Pamela H. v. Kijakazi*, No. 20-CV-304, 2021 WL 4307457, at *6 (N.D.N.Y. Sept. 22, 2021) (emphasis omitted) (finding the descriptions of those occupations "comically out of date").

It was patently unreasonable for the ALJ to rely on these jobs to conclude that Plaintiff could perform work that exists in significant numbers in the national economy. The Commissioner cannot reasonably dispute this, since the SSA itself recently directed adjudicators to refrain from

relying on these occupations without additional evidentiary support from a vocational expert. *See Melanie V. v. Comm'r of Soc. Sec.*, No. 23-CV-973, 2024 WL 3337924, at *5 (W.D.N.Y. July 9, 2024) (discussing the SSA's "Emergency Message," dated June 22, 2024, regarding obsolete occupations).

Therefore, those jobs must be excluded in deciding whether a "significant" number of jobs exist that Plaintiff can perform. That leaves only the occupation of "call out operator," of which there are 2,708 jobs nationwide. *See* Tr. 1589. Because this does not come close to "9,000 [or] 10,000 jobs," the Commissioner failed to "meet the [his] burden" at Step Five. *Sean Michael S.*, 2021 WL 5918922, at *11.

Thus, remand is warranted on this basis, in addition to the Commissioner's confessed errors relating to the opinion evidence. *See, e.g.*, *Spellman v. Comm'r of Soc. Sec.*, No. 21-CV-5842, 2023 WL 5350845, at *12 (E.D.N.Y. Aug. 21, 2023) (collecting cases). Standing alone, remand for the calculation of benefits may be justified where the Commissioner fails to meet his Step-Five burden. *See, e.g.*, *Torres v. Colvin*, No. 16-CV-809, 2017 WL 1734020, at *3 (D. Conn. May 3, 2017) ("The Second Circuit has consistently emphasized the importance of the Commissioner's burden to support her step-five determination with substantial evidence, and has held that a reversal with a remand only to calculate damages is warranted when the ALJ has failed to meet that burden."); *Jose G. v. Kijakazi*, No. 21-CV-1434, 2022 WL 3593702, at *4 (D. Conn. Aug. 23, 2022) ("When the claimant meets his burden at Steps One through Four, but the Commissioner fails to meet her burden at Step Five, she should not lightly be given another opportunity to do so.").

Yet the Commissioner opposes that relief and asserts that further proceedings could serve a meaningful purpose. He suggests, without elaboration, that a vocational expert "may well be

able to identify other examples" of occupations that Plaintiff could perform if given the opportunity on remand. ECF No. 14-1 at 7. And he speculates that the ALJ might fashion a different RFC on remand, "which could also result in finding that Plaintiff could perform other occupations." *Id.*

The Court declines to remand for further proceedings on such vague assurances. Plaintiff's applications have been pending for over *fifteen years*, a staggering amount of time even accounting for the "painfully slow process by which disability determinations are [ordinarily] made." *Butts v. Barnhart*, 388 F.3d 377, 387 (2d Cir. 2004). It is all the more astonishing that, through five district-court appeals, the Commissioner has never defended any of his final decisions. While "delay alone is an insufficient basis on which to remand for benefits," *Bush v. Shalala*, 94 F.3d 40, 46 (2d Cir. 1996), the Commissioner "is not entitled to adjudicate a case *ad infinitum* until [he] correctly applies the proper legal standard and gathers evidence to support [his] conclusion." *Sisco v. U.S. Dep't of Health & Hum. Servs.*, 10 F.3d 739, 746 (10th Cir. 1993) (internal quotation marks omitted). In light of the Commissioner's prolonged, repeated, and acknowledged failure to properly adjudicate Plaintiff's applications, and his most recent failure to carry his burden at Step Five, remand for further proceedings would not only "serve no purpose," *Demars*, 841 F. App'x at 263, it would be "worse than purposeless." *Maher v. Bowen*, 648 F. Supp. 1199, 1203 (S.D.N.Y. 1986). This matter is remanded solely for the calculation of benefits.

## CONCLUSION

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 8) is GRANTED, and the Commissioner's Motion for Judgment on the Pleadings (ECF No. 14) is DENIED. The Commissioner's decision is REVERSED and this matter is REMANDED to the Commissioner solely for calculation and payment of benefits. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: October 11, 2024
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York